UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12080-RWZ

ALEX RODOLAKIS,
*on behalf of himself and others*

v.

SAFETY INSURANCE COMPANY
and LAW OFFICES OF THOMAS S. FRANCIS

MEMORANDUM OF DECISION

August 17, 2018

ZOBEL, S.D.J.

 Defendants Safety Insurance Company ("Safety") and Law Offices of Thomas S. Francis ("Francis") move to dismiss this putative class action case brought by plaintiff Alex Rodolakis. For the reasons detailed herein, the motions are allowed.

I. **Factual Background**

 The complaint alleges that plaintiff was involved in an automobile accident in October 2013, and that he was, at the time, insured by defendant Safety. The operator who, plaintiff asserts, was entirely responsible for the accident, was insured by a company other than Safety. Letters attached to the complaint and defendants' motions to dismiss show that Safety paid plaintiff $2,240.82 for repairs to his vehicle and that plaintiff also received payment in the amount of $2,495.39 from the other driver's

insurance company.[1]  Paragraph 7 of the complaint then details the crux of plaintiff's grievance: "On or about February 2, 2017, Safety acting through its counsel Francis [also named as a defendant], made demand for payment of a debt from Mr. Rodolakis. Among other things, Safety claimed under the terms of its insurance contract that it was legally entitled to collect $2,240.82 from Mr. Rodolakis."  Safety later brought suit against Rodolakis in the Boston Municipal Court to recover this sum.  Plaintiff resides in Barnstable County.

Plaintiff claims violations by one or both defendants of the state and federal Fair Debt Collection Practices ("FDCPA") statutes, Ch. 93A, and violations of the covenant of good faith and fair dealing.  See 15 U.S.C. § 1692 et seq.; Mass. Gen. Laws ch. 93, § 49; id. ch. 93A.  Without any factual allegations he also purports to bring the claims on behalf of a class of "[a]ll Massachusetts consumers sued by Safety and/or Francis to collect debts in violation of the FDCPA or MDCPA."  See Docket # 6, at 6.

Defendants have moved to dismiss the complaint on several grounds, including that the amount claimed was not a "debt."

## II.    Legal Principles

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

---

[1]    Consideration of these letters is appropriate in the context of this motion to dismiss because the documents are "central to plaintiff['s] claim," are "sufficiently referred to in the complaint," and their "authenticity is not challenged."  See O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 28 (D. Mass. 2014) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)).

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  For purposes of a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  See Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 52–53 (1st Cir. 2013).

## III.   Application

### A.   Federal and Massachusetts FDCPA Claims (Counts II and IV)

Plaintiff's claim under the federal FDCPA must be dismissed because the complaint fails to plead that defendants sought to recover a "debt" from plaintiff.  The FDCPA's stated purpose is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C.A. § 1692.  Under the law, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction ...." Id. § 1692a (emphasis added); see Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir.1998) ("[N]ot all obligations to pay are considered 'debts' subject to the FDCPA. Rather, the FDCPA may be triggered only when an obligation to pay arises out of a specified 'transaction.'").  Here, although Safety and plaintiff had entered into an insurance agreement, the complaint does not allege that the money defendants sought from plaintiff arose from that transaction.  Rather, the complaint and the letters at most suggest that plaintiff's obligation to Safety came into being as a result of an automobile accident and the fact that, having reimbursed plaintiff for the damage to his vehicle, Safety has an equitable right to recoup its payment from any funds plaintiff might receive from the other driver's insurance company for the same damage.  See Travelers Ins. Co. v. Graye, 263 N.E. 2d 442, 443 (Mass. 1970); Apthorp v. OneBeacon

3

Ins. Grp., LLC, 935 N.E. 2d 365, 369 (Mass. App. Ct. 2010) (equitable principles guarantee that "the insured is prevented from obtaining a double recovery by accepting payment under the policy and then seeking to recover for the same loss from the third party"). Plaintiff has therefore failed to allege a "debt" and the Act does not apply. See Hawthorne, 140 F.3d at 1371 (claim arose from an automobile accident, not a "transaction," and was therefore not a "debt"); Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1168 (3d Cir. 1987) (obligation to pay for stolen cable TV programming was not a "debt"); Arnold v. Truemper, 833 F. Supp. 678, 685 (N.D. Ill. 1993) (money accidentally credited to customer's bank account did not arise out of a transaction and therefore was not a "debt").

The FDCPA claim against Safety also fails because the complaint does not allege that Safety is a "debt collector" under the law. See 15 U.S.C.A. § 1692a(6)(F) (excluding from the definition of "debt collector" "any person collecting ... any debt ... which was originated by such person"). Accordingly, Count IV is dismissed.

Plaintiff's stand-alone claim under the Massachusetts FDCPA is dismissed for the same reason. See Mass. Gen. Laws ch. 93, § 24 (providing identical definition of "debt" as under federal law). Moreover, this claim fails for the independent reason that the statute does not provide a private right of action. See Kassner v. Chase Home Fin., LLC, CIV.A. 11–10643–RWZ, 2012 WL 260392, at *9 (D. Mass. Jan. 27, 2012).

**B.    Chapter 93A Claim (Count I)**

Without the FDCPA counts, there is little to prop up plaintiff's Massachusetts Consumer Protection Act claim. "Chapter 93A requires a showing of conduct that (1) falls within the penumbra of some common-law, statutory, or other established concept

4

of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous; and (3) causes substantial injury to consumers or other businesspersons." Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 37 (1st Cir. 2008) (internal quotation marks and brackets omitted). Accepting plaintiff's allegations as true and drawing all reasonable inferences in his favor, it is nevertheless clear that the complaint fails to set forth facts that could meet this standard. Plaintiff's allegation that defendants sued him in Suffolk County despite his residing in Barnstable County is insufficient to make out a Chapter 93A claim.

As applied to defendant Francis, the consumer protection claim also fails for the independent reason that the complaint does not allege Francis engaged in trade or commerce vis-a-vis plaintiff. See O'Connor, 992 F. Supp. 2d at 39 ("When a non-client asserts a chapter 93A claim against an attorney, the attorney must have been acting in a business context vis-a-vis plaintiffs.").

### C. Claim for Violation of the Implied Covenant of Good Faith and Fair Dealing (Count III)

Finally, the complaint also fails to state a claim that Safety violated the implied covenant of good faith and fair dealing implicit in its insurance agreement with plaintiff. Because plaintiff does not attach the contract to his complaint, reference any of its provisions, or set forth any allegations about the parties' reasonable understandings of their performance obligations, he necessarily fails to plead that Safety "[did] anything that [had] the effect of destroying or injuring [his] right ... to receive the fruits of the contract." See Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E. 2d 806, 820 (Mass. 1991).

## IV. Conclusion

Defendants' Motions to Dismiss (Docket ## 9, 11) are allowed.

Judgment may be entered accordingly.

    __August 17, 2018__                                __/s/Rya W. Zobel__
          DATE                                            RYA W. ZOBEL
                                                       SENIOR UNITED STATES DISTRICT JUDGE